<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                        :
H.D. SMITH, LLC, etc.,                  :
                                        :        Civil Action No. 16-294 (ES) (MAH)
          Plaintiff,                    :
                                        :
     v.                                 :
                                        :
THE PRIME RITE CORPORATION,             :        OPINION
etc., et al.,                           :
                                        :
          Defendants.                   :
_____:

## I.    INTRODUCTION

This matter comes before the Court on the motion of Plaintiff for leave to effectuate service of process by publication, and for an enlargement of time to serve Defendants. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. For the reasons set forth below, the motion for leave to effectuate service by publication is granted, and Plaintiff's request for an extension of time to serve Defendants is granted.

## II.   BACKGROUND

On January 15, 2016, Plaintiff, H.D. Smith, LLC, filed a Complaint against Defendants The Prime Rite Corporation and Chibueze A. Adiele seeking to collect monies due from Prime Rite pursuant to a purchasing agreement, statement of terms and a promissory note. *See* Complaint, Jan. 15, 2016, D.E. 1. Plaintiff argues that it has made repeated attempts to serve Defendants "at no less than five addresses and across two states, without success." *Id.* at p. 1. Plaintiff certifies that, in an attempt to serve Defendants, Plaintiff has "conducted a corporate search, a person locator search, postal searches and a voter registration search as well as attempted

to contact a relative of Adiele." *Id.* Plaintiff argues that personal service has been unsuccessful, and now seeks leave to serve Defendants by publication pursuant to N.J.R. 4:4-5. Plaintiff's Brief in Support of Motion for Leave to Effectuate Service of Process by Publication, Apr. 15, 2016, D.E. 4-2, at 3-4. Plaintiff proposes service by publication once in a newspaper published of general circulation in Essex County, New Jersey (The Star Ledger) and Clark County, Nevada (Las Vegas-Review Journal).

### III. DISCUSSION

#### A. Service by Publication

Federal Rule of Civil Procedure 4(e) states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> (2) doing any of the following:
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, personal service is the primary method of effecting service. See N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules 4:4-3 and 4:4-4(a) prescribe the methods of effecting personal service within the state. Substitute or constructive service, however, is permitted when personal service within the state cannot be effected. *See* N.J. Ct. R. 4:4-4(b), 4:4-5. For *in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of

substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and "as provided by court order, consistent with due process of law."  N.J. Ct. R. 4:4-4(b)(1), (b)(3).  For *in rem* and *quasi in rem jurisdiction*, New Jersey Court Rule 4:4-5 provides the methods for personal, substitute, and constructive service, such as service by publication.  Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b).  *See* N.J. Ct. R. 4:4-5(a); 4:4-4 (b)(1) (cross-referencing Rule 4:4-5(b)); N.J. Ct. R. 4:4(b)(3) (noting that service by a court order consistent with due process is precluded  "[i]f service can be made by any of the modes provided by this rule"); *see also Garrett v. Matisa*, 394 N.J. Super. 468, 475–76 (Ch. Ct. 2007) (using affidavit requirement in Rule 4:4-5 as model for unique notice issue).

Diligence has no fixed standard.  *See Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000).  The diligence exercised and the alternative service requested must meet the constitutional requirements of due process.   *Cf. O'Connor v. Abraham Altus*, 67 N.J. 106, 126–127 (1975).  Namely, the "elementary and fundamental requirement of due process" is that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *O'Connor*, 67 N.J. at 126 (quoting *Mullane*, 339 U.S. at 314); *see also Dusenbery v. United States*, 534 U.S. 161, 168 (2002) ("Since *Mullane* was decided, we have regularly turned to it when confronted with questions regarding the adequacy of the method used to give notice.").  Accordingly, when considering diligence, the Court conducts a fact-sensitive inquiry "measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant."  *Modan*, 327 N.J. Super. at 48 (internal citation and quotation marks omitted).  Diligence requires that a plaintiff follow up on

information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action. *Id.* at 48–49 (collecting cases).

Service by publication, as requested here, "is hardly favored and is the method of service that is least likely to give notice." *M & D Assocs. v. Mandara*, 366 N.J. Super. 341, 353 (App. Div. 2004) (citing *Modan*, 327 N.J. Super. at 48). "Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." *Mullane*, 339 U.S. at 315. Nevertheless, "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 317.

Here, the Court is satisfied that Plaintiff has demonstrated due diligence in attempting to serve Defendants. A review of the Declaration of Melissa A. Peña, Esq., shows that, in accordance with N.J. Ct. R. 4:4-4(a), Plaintiff sought the assistance of a process server to personally serve Defendants The Prime Rite Corporation, and Chibueze A. Adiele, the personal guarantor of Prime Rite's obligations. Peña Decl., D.E. 4-1, ¶¶ 3-6. The process server attempted to serve Prime Rite at the address listed on the agreement and promissory note for Prime Rite, 846 Broad Street, Newark, NJ. *Id.* at ¶¶ 5-6. After a field investigation, the process server notified Plaintiff's counsel that the Prime Rite entity was previously located at 841 Broad Street and that address is now a vacant store front. *Id.* ¶ 6. Additionally, Prime Rite's telephone number had been disconnected. *Id.* Plaintiff's counsel conducted postal searches of both the 841 and 846 Broad Street addresses. *Id.* The postal search of the 846 address indicated "no such address." *Id.* The postal search of the 841 indicated "moved, left no forwarding." *Id.*

4

A corporate search of Prime Rite revealed 846 Broad Street as the main business address, as well as an address for its registered agent, Adiele.  *Id.* at ¶ 7.  The process server attempted to effect service of the Summons and Complaint on the registered agent.  *Id.* at ¶¶ 8-9.  However, the address indicated was for a single family home that was "visibly vacant, house is boarded up, electric is turned off."  *Id.* at ¶ 9.  Plaintiff's counsel then conducted a person locator search for the registered agent, which revealed that he owned a home in Monroe Township.  *Id.* at ¶ 10. When the process server attempted to serve the agent at the Monroe Township home, he was met with a female tenant at the address who indicated "this entity does not exist at this address.  *Id.* at ¶ 11.  She said she has gotten mail for the company, but just gives it to her landlord, Sheila."[1]  *Id.* A postal search of the Monroe Township address indicated "moved, left no forwarding address." *Id.*  The person locator search for the registered agent also indicated an address in Las Vegas, Nevada.  *Id.* at ¶ 12.  Attempts to serve Prime Rite's registered agent at that address were also unsuccessful.  *Id.* at ¶ 13. The address listed was for a business tenant, Postal Etc., a mailbox and shipping business.  *Id.*  The owner of that company indicated that Postal Etc. is not the registered agent for Prime Rite, and is not familiar with Prime Rite or Chibueze Adiele.  *Id.*

With respect to service of Chibueze Adiele, the Guaranty indicated an address in Springfield, NJ.  *Id.* at ¶ 15.  The process server was unable to serve Adiele at that address and the female occupant of the home indicated she had resided there for over 3 years.  *Id.* at ¶ 16. Plaintiff's counsel requested a postal search of Adiele at that address which indicated "not

---

[1]  This tenant also believed Adiele to be the husband or ex-husband of her landlord, Sheila.  *Id.* at ¶ 18.  The tenant also stated that her landlord lives in Las Vegas.  *Id.*  Plaintiff's counsel attempted to contact Sheila at a telephone number provided by the tenant but the telephone calls were not responded to.  *Id.*

known at address given." *Id.* A search of the website for the New Jersey Department of State Voter Information reflected only a town, Monroe Township for Adiele. *Id.* at ¶ 20.

In light of these circumstances, the Court will allow Plaintiff to effectuate service upon Defendants by publication. It is clear that Plaintiff has exhausted the options for personal service and service via certified mail and that service by publication, while not likely to be successful, is the sole remaining option. Although Plaintiff might not have taken every conceivable action, its conduct demonstrates that it followed up on information it possessed or could have reasonably obtained, and that its efforts will meet the constitutional requirements of due process. *See Modan*, 327 N.J. Super. at 48–49; *accord Mullane*, 339 U.S. at 314–15. Accordingly, the Court will allow Plaintiff to effectuate service upon Defendants by publication.

### B. Enlargement of Time to Serve Defendants

Plaintiff has also requested an extension of time to serve Defendants, the deadline currently being April 14, 2016. Pursuant to the December 1, 2015 amendment to Federal Rule of Civil Procedure 4(m), a party must serve the defendant within 90 days after the complaint is filed or "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The United States Court of Appeals for the Third Circuit has stated that "determination of whether to extend time involves a two-step inquiry. The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time. . . .In determining whether good cause exists, a court's primary focus is on the plaintiff's reasons for not

6

complying with the time limit in the first place[.]" *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citations omitted). The good cause prong requires that "a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules." *House v. H.U.D.*, NO. CIV. 05-3811, 2006 WL 3779762 *7 (D.N.J. Dec. 20, 2006) (citing *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). Thus, when determining whether or not good cause exists, the Court should assess, among other things, "the reasonableness of plaintiff's efforts to serve," and "whether the plaintiff moved for an enlargement of time to serve." *Pilone v. Basik Funding, Inc.*, NO. CIV. 05-3798, 2007 WL 203958 * 2 (D.N.J. Jan. 24, 2007).

In this case, good cause exists to grant Plaintiff's requested relief. The Court has already found that Plaintiff demonstrated due diligence in its attempts to serve Defendants, and has been unable to serve Defendants, not through any fault or lack of effort on Plaintiff's part. The Court has also found that Plaintiff has acted reasonably in light of the circumstances. Accordingly, Plaintiff shall have until **September 13, 2016** to serve Defendants.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to effectuate substitute service is granted and Plaintiff's request to extend the deadline to serve Defendants is granted. Plaintiff will be permitted until September 13, 2016 to serve Defendants.

However, the Court respectfully disagrees with the details of the service that Plaintiff proposes. Plaintiff proposes to publish notice only once in The Star Ledger, and once in the Las Vegas-Review Journal. Publishing the notice once in each publication makes it even less likely that Defendants will read it. Accordingly, the Court will require Plaintiff to publish the notice in each of The Star Ledger and the Las Vegas-Review Journal once per week for three weeks. Three

weeks in each periodical appears to exceed the minimum requirements of Rule 4:4-5(a)(3). However, the Court is satisfied that it represents a fair and reasonable effort to provide Defendants notice of the litigation.  <u>See</u> 28 U.S.C. § 1655.

Additionally, consistent with Rule 4:4-5(a)(3), the Court will require Plaintiff to mail, via regular and certified mail, a copy of the Complaint to Defendants at their three last known addresses.  Although Plaintiff's motion papers suggest this undertaking may be futile, the Court finds good cause for it in ensuring the greatest possibility that Defendants will receive notice of the suit and afforded an opportunity to be heard.

The Court shall issue an order consistent with this opinion.

<u>*s/Michael A. Hammer*</u>
**UNITED STATES MAGISTRATE JUDGE**


Date:  July 5, 2016